# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| YETI COOLERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00512-RP |
| | ) |
| HOGG OUTFITTERS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT HOGG OUTFITTERS, LLC ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

TO THE HONORABLE ROBERT L. PITMAN:

NOW COMES Defendant Hogg Outfitters, LLC (hereinafter "Hogg Outfitters"), and for its Answer, Affirmative Defenses and Counterclaims of Plaintiff YETI Coolers, LLC ("YETI"), states and alleges the following, according to the numbered paragraphs of the Complaint:

**The Parties**

1. Defendant Hogg Outfitters lacks knowledge or information sufficient to form a belief as to the truth of the allegations of numbered paragraph 1 of the Complaint and therefore denies those allegations.

2. The allegations of numbered paragraph 2 of the Complaint are admitted.

**Jurisdiction and Venue**

3. The allegations of numbered paragraph 3 of the Complaint consist of Plaintiff's characterization of the nature of the action and the claimed basis for invoking the Court's jurisdiction, to which no response is required. To the extent that a response may be deemed to be

required, Defendant Hogg Outfitters admits that Plaintiff has claimed entitlement to relief for alleged trade dress infringement, trade dress dilution, unfair competition and false designation of origin, misappropriation, and unjust enrichment but denies that Plaintiff is entitled to any of the relief requested. Defendant Hogg Outfitters further admits that Plaintiff has purported to bring its claims under the Texas Business & Commerce Code; the Trademark Act of 1946, federal common law; and state common law, but it denies that there has been any violation of any federal or state statute or any common law provision.

4. The allegations of numbered paragraph 4 of the Complaint consist of Plaintiff's characterization as to the basis for this Court's claimed subject matter jurisdiction over this action, to which no response is required. To the extent that a response may be deemed to be required, Defendant Hogg Outfitters denies that there has been any violation of any federal or state statute or any common law provision and therefore denies that this Court has subject matter jurisdiction over this matter.

5. The allegations of numbered paragraph 5 of the Complaint consist of Plaintiff's characterization as to the basis for this Court's claimed personal jurisdiction over Defendant Hogg Outfitters, to which no response is required. To the extent that a response may be deemed to be required, Defendant Hogg Outfitters admits that it engages in lawful business in this District and that it has customers and/or potential customers within this District. Defendant denies that it has engaged in any tortious act or has caused any harm to Plaintiff or that it acted with knowledge of any unauthorized use of any rights of Plaintiff. The remaining allegations of paragraph 5 are denied.

6. The allegations of numbered paragraph 6 of the Complaint consist of Plaintiff's characterization as to the claimed basis for asserting that venue lies within this District, to which

no response is required. To the extent that a response may be deemed to be required, Defendant Hogg Outfitters admits that venue lies within this District.

## General Allegations – YETI's Claimed Intellectual Property

7. Defendant Hogg Outfitters lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the first and third sentences of numbered paragraph 7 of the Complaint and therefore denies those allegations. The remaining allegations of paragraph 7 are denied.

8. Defendant Hogg Outfitters lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 8 of the Complaint and therefore denies those allegations.

9. Defendant Hogg Outfitters denies the allegations of numbered paragraph 9 of the Complaint.

10. Regarding the allegations of numbered paragraph 10 of the Complaint, Defendant Hogg Outfitters lacks knowledge or information sufficient to form a belief as to whether the images presented depict or are exemplary images of a YETI 30 oz. Rambler Tumbler and therefore denies those allegations.

11. The allegations of numbered paragraph 11 of the Complaint consist of legal conclusions, to which no response is required. To the extent that a response may be deemed to be required, the allegations are denied.

12. Regarding the allegations of numbered paragraph 12 of the Complaint, Defendant Hogg Outfitters lacks knowledge or information sufficient to form a belief as to whether the images presented depict or are exemplary images of a YETI 20 oz. Rambler Tumbler and therefore denies those allegations.

13. The allegations of numbered paragraph 13 of the Complaint consist of legal conclusions, to which no response is required. To the extent that a response may be deemed to be required, the allegations are denied.

14. Defendant Hogg Outfitters denies the allegations of numbered paragraph 14 of the Complaint.

## General Allegations – Hogg Outfitters' Activities

15. Defendant Hogg Outfitters denies the allegations in the first and second sentences of numbered paragraph 15 of the Complaint. Regarding the allegations in the third sentence of paragraph 15, Defendant admits that Plaintiff has not authorized the activities of Hogg Outfitters but denies any implication that authorization from Plaintiff was necessary.

16. Regarding the allegations of numbered paragraph 16 of the Complaint, Defendant Hogg Outfitters admits that the images presented appear to be of its 30 oz. and 20 oz. products but denies that those products infringe any valid rights of Plaintiff.

17. Defendant Hogg Outfitters denies the allegations of numbered paragraph 17 of the Complaint.

18. Defendant Hogg Outfitters denies the allegations of numbered paragraph 18 of the Complaint.

19. Defendant Hogg Outfitters denies the allegations of numbered paragraph 19 of the Complaint.

## Answering Count I:
### Asserting Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

20. Regarding the allegations of numbered paragraph 20 of the Complaint, Defendant Hogg Outfitters re-alleges and incorporates herein by reference its answers to each and every allegation of numbered paragraphs 1-20 as if fully set forth herein.

21. Defendant Hogg Outfitters denies the allegations of numbered paragraph 21 of the Complaint.

22. Defendant Hogg Outfitters denies the allegations of numbered paragraph 22 of the Complaint.

23. Defendant Hogg Outfitters denies the allegations of numbered paragraph 23 of the Complaint.

24. Defendant Hogg Outfitters denies the allegations of numbered paragraph 24 of the Complaint.

25. Defendant Hogg Outfitters denies the allegations of numbered paragraph 25 of the Complaint.

### Answering Count II:
### Asserting Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

26. Regarding the allegations of numbered paragraph 26 of the Complaint, Defendant Hogg Outfitters re-alleges and incorporates herein by reference its answers to each and every allegation of numbered paragraphs 1-25 as if fully set forth herein.

27. Defendant Hogg Outfitters denies the allegations of numbered paragraph 27 of the Complaint.

28. Defendant Hogg Outfitters denies the allegations of numbered paragraph 28 of the Complaint.

29. Defendant Hogg Outfitters denies the allegations of numbered paragraph 29 of the Complaint.

30. Defendant Hogg Outfitters denies the allegations of numbered paragraph 30 of the Complaint.

31. Defendant Hogg Outfitters denies the allegations of numbered paragraph 31 of the Complaint.

### Answering Count III:
### Asserting Unfair Competition and False Designation of Origin
### under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

32. Regarding the allegations of numbered paragraph 32 of the Complaint, Defendant Hogg Outfitters re-alleges and incorporates herein by reference its answers to each and every allegation of numbered paragraphs 1-31 as if fully set forth herein.

33. Defendant Hogg Outfitters denies the allegations of numbered paragraph 33 of the Complaint.

34. Defendant Hogg Outfitters denies the allegations of numbered paragraph 34 of the Complaint.

35. Defendant Hogg Outfitters denies the allegations of numbered paragraph 35 of the Complaint.

36. Defendant Hogg Outfitters denies the allegations of numbered paragraph 36 of the Complaint.

37. Defendant Hogg Outfitters denies the allegations of numbered paragraph 37 of the Complaint.

### Answering Count IV:
### Asserting Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103

38. Regarding the allegations of numbered paragraph 38 of the Complaint, Defendant Hogg Outfitters re-alleges and incorporates herein by reference its answers to each and every allegation of numbered paragraphs 1-37 as if fully set forth herein.

39. Defendant Hogg Outfitters denies the allegations of numbered paragraph 39 of the Complaint.

40. Defendant Hogg Outfitters denies the allegations of numbered paragraph 40 of the Complaint.

41. Defendant Hogg Outfitters denies the allegations of numbered paragraph 41 of the Complaint.

42. Defendant Hogg Outfitters denies the allegations of numbered paragraph 42 of the Complaint.

43. Defendant Hogg Outfitters denies the allegations of numbered paragraph 43 of the Complaint.

**Answering Count V:**
**Asserting Common Law Trade Dress Infringement**

44. Regarding the allegations of numbered paragraph 44 of the Complaint, Defendant Hogg Outfitters re-alleges and incorporates herein by reference its answers to each and every allegation of numbered paragraphs 1-43 as if fully set forth herein.

45. Defendant Hogg Outfitters denies the allegations of numbered paragraph 45 of the Complaint.

46. Defendant Hogg Outfitters denies the allegations of numbered paragraph 46 of the Complaint.

47. Defendant Hogg Outfitters denies the allegations of numbered paragraph 47 of the Complaint.

48. Defendant Hogg Outfitters denies the allegations of numbered paragraph 48 of the Complaint.

49. Defendant Hogg Outfitters denies the allegations of numbered paragraph 49 of the Complaint.

### Answering Count VI:
### Asserting Common Law Unfair Competition

50. Regarding the allegations of numbered paragraph 50 of the Complaint, Defendant Hogg Outfitters re-alleges and incorporates herein by reference its answers to each and every allegation of numbered paragraphs 1-49 as if fully set forth herein.

51. Defendant Hogg Outfitters denies the allegations of numbered paragraph 51 of the Complaint.

52. Defendant Hogg Outfitters denies the allegations of numbered paragraph 52 of the Complaint.

53. Defendant Hogg Outfitters denies the allegations of numbered paragraph 53 of the Complaint.

54. Defendant Hogg Outfitters denies the allegations of numbered paragraph 54 of the Complaint.

55. Defendant Hogg Outfitters denies the allegations of numbered paragraph 55 of the Complaint.

### Answering Count VII:
### Asserting Common Law Misappropriation

56. Regarding the allegations of numbered paragraph 56 of the Complaint, Defendant Hogg Outfitters re-alleges and incorporates herein by reference its answers to each and every allegation of numbered paragraphs 1-55 as if fully set forth herein.

57. Defendant Hogg Outfitters denies the allegations of numbered paragraph 57 of the Complaint.

58. Defendant Hogg Outfitters denies the allegations of numbered paragraph 58 of the Complaint.

59. Defendant Hogg Outfitters denies the allegations of numbered paragraph 59 of the Complaint.

60. Defendant Hogg Outfitters denies the allegations of numbered paragraph 60 of the Complaint.

61. Defendant Hogg Outfitters denies the allegations of numbered paragraph 61 of the Complaint.

62. Defendant Hogg Outfitters denies the allegations of numbered paragraph 62 of the Complaint.

### Answering Count VIII:
### Asserting Unjust Enrichment

63. Regarding the allegations of numbered paragraph 63 of the Complaint, Defendant Hogg Outfitters re-alleges and incorporates herein by reference its answers to each and every allegation of numbered paragraphs 1-62 as if fully set forth herein.

64. Defendant Hogg Outfitters denies the allegations of numbered paragraph 64 of the Complaint.

65. Defendant Hogg Outfitters denies the allegations of numbered paragraph 65 of the Complaint.

66. Defendant Hogg Outfitters denies the allegations of numbered paragraph 66 of the Complaint.

67. Defendant Hogg Outfitters denies the allegations of numbered paragraph 67 of the Complaint.

68. Defendant Hogg Outfitters denies the allegations of numbered paragraph 68 of the Complaint.

69. Defendant Hogg Outfitters denies the allegations of numbered paragraph 69 of the Complaint.

### Demand for Jury Trial

70. Defendant Hogg Outfitters demands a trial by jury as to all issues triable of right to a jury.

### Plaintiff's Prayer for Relief

71. In response to Plaintiff's Prayer for Relief, Defendant Hogg Outfitters denies that Plaintiff is entitled to any judgment, any injunctive decree, any monetary award, or any other relief requested in the Complaint.

72. Defendant Hogg Outfitters denies each and every allegation of the Complaint not specifically admitted above.

### AFFIRMATIVE DEFENSES OF DEFENDANT HOGG OUTFITTERS

For its Affirmative Defenses, Defendant Hogg Outfitters states and alleges the following:

#### First Affirmative Defense
#### (Failure To State A Claim)

73. The Complaint fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense
#### (No Exceptional Case)

74. This is not an "exceptional" case within the meaning of 15 U.S.C. § 1117(a).

#### Third Affirmative Defense
#### (No Injunctive Relief)

75. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is neither immediate nor irreparable, and Yeti has an adequate remedy at law.

#### Fourth Affirmative Defense
#### (Equitable Defenses)

76. Plaintiff's claims against Hogg Outfitters are barred in whole or in part by one or more of the doctrines of equitable estoppel, waiver, or unclean hands.

### Fifth Affirmative Defense
### (No Willfulness)

77. Any claimed infringement by Hogg Outfitters, which claims are specifically denied, were not the product of any willful misconduct.

### Sixth Affirmative Defense
### (No Trade Dress Infringement)

78. Hogg Outfitters has not infringed, and does not infringe, any valid, enforceable trade dress of Plaintiff.

### Seventh Affirmative Defense
### (Trade Dress Invalidity)

79. Plaintiff's claimed trade dress is invalid, unenforceable, and not properly protectible because, *inter alia*, it is generic, not distinctive, and functional, and has not acquired secondary meaning.

### Eighth Affirmative Defense
### (Trade Dress Dilution)

80. Hogg Outfitters has not diluted any valid, enforceable trade dress of Plaintiff.

### Ninth Affirmative Defense
### (Unfair Competition and False Designation of Origin)

81. Hogg Outfitters has not engaged in any unfair competition or false designation of origin against Plaintiff.

### Tenth Affirmative Defense
### (Misappropriation)

82. Hogg Outfitters has not engaged in any acts of misappropriation against Plaintiff.

### Eleventh Affirmative Defense
### (Unjust Enrichment)

83. Hogg Outfitters has not committed any acts resulting in unjust enrichment against Plaintiff.

### Twelfth Affirmative Defense
### (Fair Use)

84. Hogg Outfitters has not infringed, and does not infringe, any valid, enforceable trademark rights of Plaintiff. To the extent a court determines that Hogg Outfitters has used any trade dress features claimed to belong to Plaintiff, Hogg Outfitters's alleged use of such elements is permissible under the fair use doctrine.

### Thirteenth Affirmative Defense
### (Abuse of Process)

85. Plaintiff's claims are a misuse of the trademark laws, improperly asserting protection over product features that are functional, descriptive and/or generic, and Plaintiff's misstatements to the contrary are the product of willful and deliberate acts.

### Reservation of Additional Defenses

86. Hogg Outfitters reserves any and all additional defenses available under Titles 15 and 35 of the United States Code, the rules, regulations, or laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND THAT PLAINTIFF HAS NO PROTECTIBLE RIGHTS IN ITS CLAIMED TRADE DRESS

### Counterclaim

Counterclaimant Hogg Outfitters, LLC, for its counterclaims against Counter-Defendant YETI Coolers, LLC, states and alleges the following:

### Parties

87. Hogg Outfitters, LLC is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 160 Raritan Center Parkway, Suite 5, Edison, New Jersey, 08837.

88. Counter-Defendant YETI states that it is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, Texas, 78735.

89. This counterclaim arises under the trademark laws of the United States, 15 U.S.C. §§ 1051-1127. The Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

90. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c).

### Count I
### (Declaratory Judgment – No Infringement)

91. Hogg Outfitters realleges and incorporates its responses to the allegations set forth in paragraphs 1 through 72 as though fully set forth herein.

92. Hogg Outfitters's design does not mimic and is not confusingly similar to any design feature over which Counter-Defendant properly could claim trade dress protection.

93. There is an actual case or controversy of a justiciable nature between the parties over the non-infringement of trade dress rights by the products of Counterclaimant Hogg Outfitters.

94. Counter-Defendant's assertion of trademark rights under the Lanham Act and Texas law against Hogg Outfitters is groundless, unreasonable and vexatious.

95. Hogg Outfitters is entitled to a Declaratory Judgment confirming that Hogg Outfitters has not infringed upon Plaintiff's trade dress and that this is an exceptional case under 15 U.S.C. § 1117(a) and that Hogg Outfitters is entitled to the award of attorneys' fees, costs and expenses.

## Counterclaim Count II
### (Declaratory Judgment – No Protectible Rights in Claimed Trade Dress)

96. Hogg Outfitters realleges and incorporates its responses to the allegations set forth in paragraphs 1 through 72 and 91 through 95 as though fully set forth herein.

97. Counter-Defendant has alleged that the products of Hogg Outfitters infringe its trade dress rights and violate Texas statutes and common law, all of which is denied by Hogg Outfitters.

98. Counter-Defendant's claimed trade dress is functional, non-descriptive, and has not acquired secondary meaning, and the trade dress rights asserted by Counter-Defendant are not protectable under the trademark laws of the United States or the State of Texas.

99. Counter-Defendant's assertion of trademark rights under the Lanham Act and Texas law against Hogg Outfitters is groundless, unreasonable and vexatious.

100. Hogg Outfitters is entitled to a Declaratory Judgment confirming that Hogg Outfitters has not infringed upon any protectable rights that properly may be asserted by Counter-Defendant and that this is an exceptional case under 15 U.S.C. § 1117(a), and that Hogg Outfitters is entitled to the award of attorneys' fees, costs and expenses.

**JURY TRIAL DEMANDED**

Hogg Outfitters demands a trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

A. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

B. Enter judgement in favor of Hogg Outfitters and against Plaintiff;

C. Enter a judgment and declaration that Plaintiff's asserted trade dress is invalid;

D. Enter a judgment and declaration that Plaintiff has not infringed on any valid, enforceable trade dress of Plaintiff under the Lanham Act;

E. Enter a judgment and declaration that Hogg Outfitters has not committed any acts of unfair competition and false designation of origin under the Lanham Act;

F. Enter a judgment and declaration that Hogg Outfitters has not committed any acts of trade dress dilution under the Lanham Act;

G. Enter a judgment and declaration that Hogg Outfitters has not committed any acts of trade dress dilution under Tex. Bus. & Com. Code § 16.103;

H. Enter a judgment and declaration that Hogg Outfitters has not infringed any valid, enforceable trade dress of Plaintiff under the common law of the state of Texas;

I. Enter a judgment and declaration that Hogg Outfitters has not infringed any valid, enforceable trademark of Plaintiff under the common law of the state of Texas;

J. Enter a judgment and declaration that Hogg Outfitters has not committed any acts of unfair competition under the common law of the state of Texas;

K. Enter a judgment and declaration that Hogg Outfitters has not committed any acts of misappropriation under the common law of the state of Texas;

L. Enter a judgment and declaration that Hogg Outfitters has not committed any acts of unjust enrichment under the common law of the state of Texas;

M. Enter a judgment and declaration that no damages or royalties, attorneys' fees, costs, pre- or post-judgment interest, or any other compensation or damages are due or owed by Hogg Outfitters to Plaintiff for any of the acts alleged in Plaintiff's Complaint;

N. Deny Plaintiff's request for injunctive relief;

O. Permanently enjoin Plaintiff, its officers, employees, agents, and those in privity with any of them from directly or indirectly charging or insinuating any action for infringement of any of Plaintiff's asserted trade dress against Hogg Outfitters or any other person or entity in privity

with Hogg Outfitters, including without limitation Hogg Outfitters's successors, assigns, agents, suppliers, and customers;

P. Award to Hogg Outfitters its attorneys' fees, expenses, and costs incurred in this action pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117(a); and

Q. Award to Hogg Outfitters such other and further relief as the Court may deem just.

Respectfully submitted,

By: /s/ Jennifer Klein Ayers
    Jennifer Klein Ayers

SHEPPARD, MULLIN, RICHTER
 & HAMPTON, LLP
2200 Ross Avenue, 24th Floor
Dallas, Texas 75201
**Tel.:** (469) 391-7414
E-mail: jayers@sheppardmullin.com

Steven P. Hollman [*pro hac petition forthcoming*]
James N. Bierman, Jr. [*pro hac petition forthcoming*]
SHEPPARD, MULLIN, RICHTER
 & HAMPTON, LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006-6801
(202)747-1941
shollman@sheppardmullin.com
jbierman@sheppardmullin.com

*Counsel for Defendant Hogg Outfitters, LLC*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I certify that on September 27, 2018, a copy of the foregoing was served upon all counsel of record for Plaintiff pursuant to the Court's ECF/CM System.

                                                */s/ Jennifer Klein Ayers*
                                                   Jennifer Klein Ayers