UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

YETI Coolers, LLC,

    Plaintiff,

v.

Hogg Outfitters, LLC,

    Defendant.

Civil Action No. 1:18-cv-00512-RP

The Honorable Robert L. Pitman

Jury Trial Demanded

## YETI COOLERS, LLC'S ANSWER TO HOGG OUTFITTERS, LLC'S COUNTERCLAIMS TO YETI COOLERS, LLC'S COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), hereby responds to the counterclaims (ECF No. 10, "Counterclaims") of Defendant Hogg Outfitters, LLC ("Hogg") as follows:

### THE PARTIES

87. Hogg Outfitters, LLC is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 160 Raritan Center Parkway, Suite 5, Edison, New Jersey, 08837.

    **RESPONSE**: YETI admits the allegations in paragraph 87 of Hogg's Counterclaims.

88. Counter-Defendant YETI states that it is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, Texas, 78735.

    **RESPONSE**: YETI admits the allegations in paragraph 88 of Hogg's Counterclaims.

89. This counterclaim arises under the trademark laws of the United States, 15 U.S.C. §§ 1051-1127. The Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

    **RESPONSE**: YETI admits that the Court has subject matter jurisdiction over Hogg's Counterclaims, but denies that Hogg is entitled to any relief under any of its Counterclaims.

90. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c).

**RESPONSE:** YETI admits that venue is proper in this Court pursuant to at least 28 U.S.C. § 1391.

## COUNT I
### (Declaratory Judgment – No Infringement)

91. Hogg Outfitters realleges and incorporates its responses to the allegations set forth in paragraphs 1 through 72 as though fully set forth herein.

**RESPONSE:** YETI incorporates by reference its Complaint as if fully set forth herein.

92. Hogg Outfitters's design does not mimic and is not confusingly similar to any design feature over which Counter-Defendant properly could claim trade dress protection.

**RESPONSE:** YETI denies the allegations in paragraph 92 of Hogg's Counterclaims.

93. There is an actual case or controversy of a justiciable nature between the parties over the non-infringement of trade dress rights by the products of Counterclaimant Hogg Outfitters.

**RESPONSE:** YETI admits that, based on YETI's filing this action, an actual controversy has arisen and now exists between the parties as to whether Hogg's products infringe YETI's trade dress rights in YETI's 30 oz. Rambler® tumbler and YETI's 20 oz. Rambler® tumbler. YETI denies the remaining allegations of paragraph 93 of Hogg's Counterclaims.

94. Counter-Defendant's assertion of trademark rights under the Lanham Act and Texas law against Hogg Outfitters is groundless, unreasonable and vexatious.

**RESPONSE:** YETI denies the allegations in paragraph 94 of Hogg's Counterclaims.

95. Hogg Outfitters is entitled to a Declaratory Judgment confirming that Hogg Outfitters has not infringed upon Plaintiff's trade dress and that this is an exceptional case under 15 U.S.C. § 1117(a) and that Hogg Outfitters is entitled to the award of attorneys' fees, costs and expenses.

**RESPONSE:** YETI denies the allegations in paragraph 95 of Hogg's Counterclaims.

## COUNT II
### (Declaratory Judgment – No Protectable Rights in Claimed Trade Dress)

96. Hogg Outfitters realleges and incorporates its responses to the allegations set forth in paragraphs 1 through 72 and 91 through 95 as though fully set forth herein.

**RESPONSE**: YETI incorporates by reference its Complaint and its responses to paragraphs 91 through 95 as if fully set forth herein.

97. Counter-Defendant has alleged that the products of Hogg Outfitters infringe its trade dress rights and violate Texas statutes and common law, all of which is denied by Hogg Outfitters.

**RESPONSE**: YETI admits that it alleges in its Complaint that Hogg's products infringe YETI's trade dress rights in YETI's 30 oz. Rambler® tumbler and YETI's 20 oz. Rambler® tumbler, and that Hogg violates Texas statutes and common law. YETI admits that Hogg denies it infringes YETI's trade dress rights in YETI's 30 oz. Rambler® tumbler and YETI's 20 oz. Rambler® tumbler and that Hogg denies it violates Texas statutes and common law. YETI denies the remaining allegations of paragraph 97 of Hogg's Counterclaims

98. Counter-Defendant's claimed trade dress is functional, non-descriptive, and has not acquired secondary meaning, and the trade dress rights asserted by Counter-Defendant are not protectable under the trademark laws of the United States or the State of Texas.

**RESPONSE**: YETI denies the allegations in paragraph 98 of Hogg's Counterclaims.

99. Counter-Defendant's assertion of trademark rights under the Lanham Act and Texas law against Hogg Outfitters is groundless, unreasonable and vexatious.

**RESPONSE**: YETI denies the allegations in paragraph 99 of Hogg's Counterclaims.

100. Hogg Outfitters is entitled to a Declaratory Judgment confirming that Hogg Outfitters has not infringed upon any protectable rights that properly may be asserted by Counter-Defendant and that this is an exceptional case under 15 U.S.C. § 1117(a), and that Hogg Outfitters is entitled to the award of attorneys' fees, costs and expenses.

**RESPONSE**: YETI denies the allegations in paragraph 100 of Hogg's Counterclaims.

**WHEREFORE**, YETI denies all of Hogg's allegations not expressly admitted above. YETI reserves the right to amend its Answer to Hogg's Counterclaims and to raise affirmative or other defenses and/or additional claims based on facts disclosed or revealed through discovery. YETI denies that Hogg is entitled to any relief under any of its Counterclaims or defenses, and to

the extent Hogg's Prayer for Relief alleges any wrongdoing by YETI, YETI denies all allegations in the Prayer for Relief.

YETI, therefore, respectfully requests that: (1) the Court dismiss Hogg's Counterclaims with prejudice and enter judgment in favor of YETI; (2) YETI be awarded its reasonable attorneys' fees, costs, and other expenses incurred in the defense of Hogg's Counterclaims; and (3) YETI be granted all such other and further relief as this Court deems just and proper.

Dated:  October 19, 2018	Respectfully submitted,

By: /s/ Sean J. Jungels
Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Michael L. Krashin *(pro hac vice forthcoming)*
Illinois Bar No. 6286637
mkrashin@bannerwitcoff.com
Sean J. Jungels (admitted in the Western District of Texas)
Illinois Bar No. 6303636
sjungels@bannerwitcoff.com
Banner & Witcoff, Ltd.
71 South Wacker Drive
Suite 3600
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2018, I caused the foregoing document to be electronically filed with the Clerk of the court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Hogg by and through its counsel of record.

/s/ Sean J. Jungels