# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**Hogg Outfitters, LLC,**<br><br>    Defendant. | Case No. 1:18-cv-00512-RP<br><br>The Honorable Robert L. Pitman<br><br>Jury Trial Demanded |

## JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff and Counter-Defendant, YETI Coolers, LLC ("YETI"), and Defendant and Counterclaimant, Hogg Outfitters, LLC ("Hogg Outfitters"), (collectively, "the Parties") jointly submit this report.

**1.**     **Rule 26(f) Conference**

Counsel for the Parties conferred on October 29, 2018, and thereafter as required by Rule 26(f). YETI was represented by Michael Krashin and Sean Jungels of Banner & Witcoff, Ltd., and Hogg Outfitters was represented by its counsel, Steven P. Hollman and Jennifer Klein Ayers of Sheppard Mullin Richter & Hampton LLP.

**2.**     **Nature and Basis of Claims and Defenses**

    a.   YETI's Position

For several years, YETI has continuously engaged in the development, manufacture, and sale of its insulated drinkware. YETI created unique, distinctive, and nonfunctional designs to use with YETI's insulated drinkware. YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas. Through that extensive and continuous

1

promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products. YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.

YETI owns trademark and trade dress rights relating to the source identifying features of its insulated drinkware designs, and, relevant to this lawsuit, YETI owns trade dress rights in its 30 oz. Rambler® Tumbler, 20 oz. Rambler® Tumbler, 10 oz. Rambler® Lowball Tumbler, Rambler® Colster® Beverage Holder, 18 oz. Rambler® Bottle, 36 oz. Rambler® Bottle, and 64 oz. Rambler® Bottle. YETI also owns additional intellectual property that is not presently involved in this lawsuit against Hogg.

Hogg Outfitters has and continues to misappropriate the goodwill and secondary meaning in the trade dress in YETI's drinkware. For example, Hogg Outfitters has advertised, promoted, offered for sale, sold, and distributed many drinkware products that infringe and dilute YETI's trade dress rights. Hogg Outfitters' unlawful conduct also gives rise to YETI's claims for false designation of origin, unjust enrichment, and misappropriation.

Hogg Outfitters responded to YETI's First Amended Complaint on November 2, 2018 (ECF No. 18), alleging, among other things, that their actions do not infringe YETI's trade dress, that their actions do not dilute YETI's trade dress, and that YETI's trade dress is not protectable because it is functional, generic, and lacks secondary meaning. YETI disputes these allegations and many of the allegations raised by Hogg Outfitters in section 2.b below.

b. Position of Hogg Outfitters

Hogg Outfitters has answered the original Complaint and the First Amended Complaint averring that it does not infringe or dilute any legitimately protectable rights of YETI and that YETI's trade dress is not protectable because it is functional and generic and lacks secondary

meaning. Hogg Outfitters denies that YETI has stated any actionable claim upon which relief may be granted.

Hogg Outfitters denies that YETI has any valid or enforceable trade dress right in any of the YETI products it has identified. The putative trade dress is generic, not distinctive, and functional. It has not acquired secondary meaning in the market. For at least these reasons, the asserted trade dress is invalid.

Even if YETI were able to establish the validity of its asserted trade dress rights, no actionable claim exists against Hogg Outfitters for trade dress dilution or infringement. Hogg Outfitters has not infringed or diluted the claimed trade dress in any way, nor has it engaged in conduct that otherwise would render it liable to YETI under state, federal, or common law.

Hogg Outfitters denies that is has engaged in any activity that infringes on any protectable trademark rights that YETI has or claims to have. Hogg Outfitters further denies that it has engaged in infringement or dilution under state, federal, or common law. Hogg Outfitters likewise denies that is has usurped, misappropriated, or improperly benefited from any goodwill or advantage to the extent that YETI has created any by virtue of its asserted trademarks.

With respect to the trade dress and trademark dilution and trade dress infringement claims, Hogg Outfitters further denies that its conduct had the alleged effect of (a) eroding the public's exclusive identification of YETI's alleged trade dress; (b) lessening the capacity of YETI's alleged trade dress to identify and distinguish YETI's products; (c) associating YETI's trade dress with products of inferior quality; or (d) impairing the distinctiveness of YETI's alleged trade dress. There is no evidence of actual confusion among consumers as between products old by Hogg Outfitters and products sold by YETI, nor is there any likelihood of such confusion.

Hogg Outfitters denies that it has committed any acts of unfair competition, misappropriation, or false designation of origin. Hogg Outfitters has not used or misappropriated YETI's alleged trade dress and has not obtained an unfair advantage that constitutes actionable unfair competition or false designation of origin. No evidence of actual confusion exists as between the products of Hogg Outfitters and those of YETI, nor is there any likelihood of such confusion. Hogg Outfitters denies having committed any act or engaged in conduct that would make it liable to YETI for unfair competition or false designation of origin under state, federal, or common law.

YETI has not proven, and it cannot prove, that it has suffered any injury-in-fact that arises from or relates to conduct by Hogg Outfitters that YETI contends was unlawful under federal, state, or common law. Based on its securities filings and other publicly available information, YETI continues to experience dramatic, accelerating growth in the sale of products identified in the First Amended Complaint. YETI has not shown, and it cannot show, that its sales, margins, or profits relating to these products have been adversely affected in any way by any alleged misconduct on the part of Hogg Outfitters.

Hogg Outfitters denies that it has been unjustly enriched or has otherwise engaged in conduct that would entitle YETI to equitable relief of any sort.

**3.      Possibility of Settlement**

YETI and Hogg Outfitters have had settlement discussions and their discussions continue.

**4.      Proposed Scheduling Order**

The Parties are contemporaneously filing a Proposed Scheduling Order.

5.  **Rule 26(f) Discovery Plan**

    The Parties conferred and agreed on the matters listed in Rule 26(f) as set forth below.

    a. <u>Rule 26(f)(3)(A) – Initial Disclosures</u>.  The Parties do not request changes in the form or requirement for disclosures under Rule 26(a)(1)(A).  The Parties have agreed to exchange initial disclosures by November 21, 2018.

    b. <u>Rule 26(f)(3)(B) – Subjects and Timing of Discovery</u>.  The Parties anticipate discovery on all matters relevant to their pending claims, counterclaims and defenses, including, but not limited to, YETI's claims for liability and YETI's request for damages, and to Hogg Outfitter's affirmative defenses of functionalism and genericness.  As set forth above, the Parties will file a proposed scheduling order setting forth a proposal for discovery.

    c. <u>Rule 26(f)(3)(C) – Electronically Stored Information</u>.  The Parties are discussing terms and conditions for the preservation and production of documents and electronically stored information ("ESI") and the scope of electronic discovery.

    d. <u>Rule 26(f)(3)(D) – Privilege Issues</u>.  Given the nature of the Parties' claims and defenses, the Parties anticipate confidential information will be exchanged in this case.  The Parties therefore are discussing a Protective Order that is to be submitted to the Court for consideration.  The Parties agree that the proposed Protective Order will include a section addressing the procedure for asserting claims of privilege and work product protection after production.  The Parties are hopeful that they will be able to reach agreement on the terms of a Protective Order, but they will seek the Court's assistance if they are unable to reach agreement.

e.  Rule 26(f)(3)(E) – Discovery Limitations.  The Parties do not presently believe any changes should be made to the limitations on discovery beyond those imposed under the Federal Rules of Civil Procedure and the Local Rules, including, for example, Federal Rules of Civil Procedure 26, 33, 34, and 36 and Local Court Rules CV-26, CV-33, and CV-36.

f.  Rule 26(f)(3)(F) – Other Orders.  At this time, the Parties have not requested any orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c), but they will be requesting a Scheduling Order and Protective Order, as discussed above.

**6.  Consent to Electronic Service**

The Parties consent pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) that the Parties may serve any document—including, for example, discovery requests, discovery responses, and expert and other disclosures—on the other party by electronic means, including, but not limited to, e-mail, FTP sites, or secure file-sharing services.  The Parties agree that service on any Party by email shall be made on all counsel of record for that Party (Banner & Witcoff, Ltd. attorneys for YETI, and Sheppard Mullin Richter & Hampton LLP attorneys for Hogg Outfitters).

Dated: November 12, 2018

Respectfully submitted,

| | |
|---|---|
| By: /s/ Sean J. Jungels | By: /s/ Steven P. Hollman (with permission) |
| Joseph J. Berghammer (admitted in the Western District of Texas) | Jennifer Klein Ayers |
| Illinois Bar No. 6273690 | SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP |
| jberghammer@bannerwitcoff.com | 2200 Ross Avenue, 24th Floor |
| Michael L. Krashin (admitted *pro hac vice*) | Dallas, Texas 75201 |
| Illinois Bar No. 6286637 | Tel.: (469) 391-7414 |

| | |
|---|---|
| mkrashin@bannerwitcoff.com<br>Sean J. Jungels (admitted in the Western District of Texas)<br>Illinois Bar No. 6303636<br>sjungels@bannerwitcoff.com<br>Banner & Witcoff, Ltd.<br>Ten South Wacker Drive<br>Suite 3000<br>Chicago, IL 60606-7407<br>Telephone: (312) 463-5000<br>Facsimile: (312) 463-5001<br><br>**ATTORNEYS FOR YETI COOLERS, LLC** | E-mail: jayers@sheppardmullin.com<br><br>Steven P. Hollman [*admitted pro hac vice*]<br>James N. Bierman, Jr. [*pro hac petition forthcoming*]<br>SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP<br>2099 Pennsylvania Avenue, N.W., Suite 100<br>Washington, D.C. 20006-6801<br>(202)747-1941<br>shollman@sheppardmullin.com<br>jbierman@sheppardmullin.com<br><br>**ATTORNEYS FOR HOGG OUTFITTERS, LLC** |

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2018, I caused the foregoing document to be electronically filed with the Clerk of the court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Defendants by and through their counsel of record.

/s/ Sean J. Jungels  
FOR YETI COOLERS, LLC